IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE L. ESSIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 12-145 Erie |
| | ) |
| ANDREW R. BROTHERS | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Plaintiff Jamie L. Essien brings this civil rights action under 42 U.S.C. § 1983, alleging that her rights under the Fourth Amendment to the United States Constitution were violated during an encounter with Pennsylvania State Police Trooper Andrew R. Brothers. Additionally, she asserts a state law claim of false imprisonment. Presently pending before this Court is Defendant's Motion to Dismiss. For the reasons stated herein the Defendant's motion will be granted in part and denied in part.

### I. Background

The relevant facts as alleged in the Complaint are as follows. Plaintiff Jamie Essien is a resident of McKean County, Pennsylvania. Compl. ¶ 4. On March 12, 2012, at approximately 9:30 PM, Ms. Essien was driving her Ford Escape in the City of Bradford, McKean County, with her two daughters, ages 7 and 4, in the rear seat. Compl. ¶¶ 9-10, 6. Ms. Essien's 7-year old daughter complained that she was having stomach pains and stomach distress, which prompted Ms. Essien to proceed to a Crosby Mini-Mart in order to purchase medicine. Compl. ¶ 11. At the time her daughter was complaining of stomach pain, Ms. Essien was travelling east on Williams Street, and the Mini-Mart was located on Jackson Avenue. Compl. ¶¶ 9, 11. When

1

Ms. Essien's daughter began to vomit in the vehicle, Ms. Essien "executed a left-hand turn from Williams Street onto Rosedale Avenue for the purpose of pulling into the parking lot of the Crosby Mini-Mart on Jackson Avenue." Compl. ¶ 13.

At the time of the above-mentioned events, Trooper Brothers was on routine patrol operating a marked Pennsylvania State Police patrol unit within the City of Bradford limits and was traveling directly behind Ms. Essien's vehicle on Williams Street, following her. Compl. ¶¶ 7, 12. He pulled his patrol car directly behind Ms. Essien's vehicle in the Crosby Mini-Mart parking lot. Compl. ¶ 14. Ms. Essien noticed Trooper Brothers after she exited her vehicle in order to tend to her daughter. Compl. ¶ 14.

Ms. Essien told Trooper Brothers that her daughter was sick and that she was proceeding to tend to her. Compl. ¶ 15. Trooper Brothers ordered Ms. Essien to return to the driver's seat of her vehicle where he interrogated her about her driving and her activities that evening. Compl. ¶ 15. Trooper Brothers asked Ms. Essien how much she had had to drink and accused her of drunk driving; Ms. Essien replied that she had had nothing to drink. Compl. ¶¶ 16-17. Trooper Brothers also asked Ms. Essien if she had taken prescription medicine or if she had ever taken any prescription medicine; Ms. Essien replied that she had not taken any prescription medicine. Compl. ¶¶ 18-19. Despite no evidence that Ms. Essien was impaired, Trooper Brothers confined Ms. Essien to her driver's seat and denied her the ability to attend to her sick child for approximately one hour. Compl. ¶¶ 20-21.

Trooper Brothers issued summary motor vehicle citations charging Ms. Essien with violating Pennsylvania Motor Vehicle Code section 3323(b) (stop signs and yield signs) and Pennsylvania Motor Vehicle Code section 4581(a)(2) (seatbelts). Compl. ¶ 24. Ms. Essien claims that she did not violate these Motor Vehicle Code provisions, and appealed the summary

citations to District Judge Dominic Cercone, who scheduled a summary trial for May 14, 2012. Compl. ¶¶ 25, 30.

Ms. Essien avers that Trooper Brothers issued the citations as a pretense to justify his lengthy detention of Ms. Essien in light of the fact that the events drew the interest of several patrons of the Mini-Mart, including the Mayor of the City of Bradford, Tom Riel (who took pictures of the incident on his cell phone). Compl. ¶¶ 22-23, 26. Ms. Essien further supports her claim that the citations were issued only to justify the stop by claiming that Trooper Brothers lacked reasonable suspicion and/or probable cause to initiate the traffic stop. Compl. ¶ 27. Trooper Brothers failed to appear for the summary trial, which resulted in the dismissal of the charges. Compl. ¶ 32.

Ms. Essien asserts a claim of unlawful arrest in violation of the Fourth Amendment in Count One. Compl. ¶¶ 34-43. In Count Two, she asserts her right to an award of counsel fees and expenses pursuant to 42 U.S.C. § 1988(b). Compl. ¶¶ 44-47. In Count Three, Ms. Essien asserts a claim of false imprisonment. Compl. ¶¶ 48-53. Finally, in Count Four, she asserts a claim for malicious prosecution. Compl. ¶¶ 54-61.

Defendant seeks dismissal of each of Ms. Essien's claims arguing that Ms. Essien is unable to state a claim upon which relief can be granted for unlawful arrest or malicious prosecution, and that Trooper Brothers is entitled to sovereign immunity on Ms. Essien's state law claim of false imprisonment. Ms. Essien contends that she has properly stated a claim for unlawful arrest, but concedes that her malicious prosecution and false imprisonment claims should be dismissed. Accordingly we will grant Defendant's motion to dismiss these claims.

## II. Standard of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

4

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")(citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III. Discussion

Because Ms. Essien concedes that her malicious prosecution and false imprisonment claims should be dismissed we only address Defendant's motion to dismiss Ms. Essien's unlawful claim.

Ms. Essien asserts that her Fourth Amendment rights were violated by Trooper Brothers' unlawful arrest. Specifically, she claims that Trooper Brothers lacked probable cause and/or

5

reasonable suspicion to justify the traffic stop; that he lacked probable cause and/or reasonable suspicion to file any charge against her; and that he lacked probable cause and/or reasonable suspicion to detain her. Compl. ¶¶ 35, 37-38.

Defendant argues that the claim for false arrest must be dismissed because Ms. Essien cannot establish an essential element of her claim; namely, that she was arrested. Defendant claims that all Ms. Essien can show is that she was subjected to an investigative detention as a result of a traffic stop, which is not considered a custodial arrest. Def. Br. 4, citing United States v. Riley, 684 F.3d 758, 763 (8th Cir. 2012).

Reviewing the facts of the Complaint in favor of Ms. Essien we find that she has set forth facts sufficient to state a claim. First, Ms. Essien does not merely allege that she was unlawfully subject to a custodial arrest. Ms. Essien also alleges that she was initially subject to an unconstitutional seizure based upon an unlawful traffic stop. United States v. Hensley, 469 U.S. 221, 226 (1985) (authority and limits of the Fourth Amendment apply to investigative stops of vehicles); see also Terry v. Ohio, 392 U.S. 1 (1968). Thus, even if she was not subject to a custodial arrest she has stated a claim for a Fourth Amendment violation based on an unlawful traffic stop. See Piazza v. Lakkis, 2012 WL 2007112, *6 n.4 (M.D.Pa. June 5, 2012) (June 5th) (unlawful traffic stop may support a claim separate from unlawful arrest as an unreasonable seizure under the Fourth Amendment).

In addition, viewing the unlawful arrest allegations in Ms. Essien's favor, we find that she has sufficiently stated a claim for unlawful arrest. Despite Defendant's claim that this was solely an investigative detention as a result of a traffic stop, the facts of the Complaint are sufficient to support that the initial traffic stop turned into a custodial arrest. Specifically, after Trooper Brothers initiated the traffic stop he ordered Ms. Essien to be confined to her car, would

6

not let her attend to her sick daughter, and ultimately detained her for a lengthy period of time. The "ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983), quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977). Whether Ms. Essien's allegations would ultimately support a determination that the investigative detention turned into a custodial arrest is not an issue we can determine at this stage of the proceedings. Accordingly, we will deny Defendant's motion to dismiss this claim.

## IV. Conclusion

Accordingly, for the reasons state herein, we will grant in part and deny in part Defendant's motion to dismiss.

Date: *October 15, 2012*

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE L. ESSIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-145 Erie |
| | ) | |
| ANDREW R. BROTHERS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, to-wit, this 15th day of Oct., 2012, for the reasons stated in the accompanying opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss (ECF No. 5) is denied in part, and granted in part, as follows:

1. The motion to dismiss Plaintiff's claims of unlawful arrest for failure to state a claim upon which relief can be granted is DENIED;

2. The motion to dismiss Plaintiff's malicious prosecution claim is GRANTED. Plaintiff's malicious prosecution claim is hereby dismissed for failure to state a claim upon which relief can be granted; and

3. The motion to dismiss Plaintiff's False Imprisonment Claim is GRANTED. Plaintiff's False Imprisonment Claim is hereby dismissed for lack of subject matter jurisdiction because Trooper Brothers is entitled to sovereign immunity.

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge